**DEPARTMENT OF CORRECTIONS, SCI–CAMP HILL, Respondent,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 4, 2007.

## ORDER

PER CURIAM.

The Petition for Allowance of Appeal is **GRANTED** and the Commonwealth Court's decision and order is **REVERSED** and the matter is **REMANDED** for reconsideration in light of our decision in *Navickas v. Unemployment Comp. Bd. of Review,* 567 Pa. 298, 787 A.2d 284 (2001) (holding that the Unemployment Compensation Act sets forth a single governing standard of willful misconduct and reject-

ing idea that a higher standard may apply based upon the type or nature of the employment involved) and *Grieb v. Unemployment Compensation Bd. of Review,* 573 Pa. 594, 827 A.2d 422 (2003) (reiterating that the Unemployment Compensation Act sets forth a single standard regarding willful misconduct and declining to adopt a heightened standard as a public safety exception to the willful misconduct standard).

■

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**James Edward HARLEY, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 4, 2007.

## ORDER

PER CURIAM.

**AND NOW,** this 4th day of October, 2007, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, rephrased for clarity, is:

Whether the Superior Court erred in determining that the expert extrapolation method was appropriate for determining weight of a controlled substance where the amount at issue minimally exceeds the

weight required to impose a mandatory sentence.